1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   MELANIE J. KUNZ; MEDEDCO, LCC;          No. 2:21-cv-01502-TLN-CKD
     CHUI FAISING; TIMOTHY TIGHT;
12   MICHAEL MCCARTHY; GLENN
     WILSON; JOHN MULLEN; and
13   RICHARD GIRARD,                         **ORDER**

14                    Plaintiffs,

15        v.

16   THOMAS T. AOKI; AOKI DIABETES
     RESEARCH INSTITUTE; JOANNA R.
17   MENDOZA; SCOTT MICHAEL
     PLAMONDON; DUYEN NGUYEN;
18   FRANK F. SOMMERS; and SOMMERS
     & SCHWARTZ, LLP,
19
                     Defendants.
20

21        This matter is before the Court on Plaintiffs Melanie J. Kunz, MedEdCo, LLC, Chui

22   Faising, Timothy Tight, Michael McCarthy, Glenn Wilson, John Mullen, and Richard Girard

23   (collectively, "Plaintiffs") *Ex Parte* Application to Stay.  (ECF No. 15.)  Defendants Thomas T.

24   Aoki ("Aoki"), Aoki Diabetes Research Institute ("ADRI"), Joanna R. Mendoza, Scott Michael

25   Plamondon, Duyen Nguyen, Frank F. Sommers, and Sommers & Schwartz, LLP's (collectively,

26   "Defendants") filed an opposition.  (ECF No. 18.)  For the reasons set forth below, the Court

27   hereby GRANTS Plaintiffs' *Ex Parte* Application to Stay.  (ECF No. 15.)

28   ///

                                          1

## I.   FACTUAL AND PROCEDURAL BACKGROUND

On July 13, 2021, Plaintiffs filed the instant action in Sacramento County Superior Court alleging a claim for malicious prosecution.  (*See* ECF No. 1-1.)  Aoki and ADRI filed a complaint against Plaintiffs in October 2011 — asserting claims for patent infringement, copyright infringement, false advertising, trade secret misappropriation, and unfair competition — which "made numerous unequivocal statements of wrongdoing" against Plaintiffs.  (*Id.* at 7.)  Plaintiffs allege "Defendants made the statements, and failed to correct the statements, when Defendants knew or should have known the statements were false" and "that Defendants did not conduct a reasonable investigation into the alleged wrongdoings" prior to filing that complaint.  (*Id.* at 8.)

On August 20, 2021, Defendants removed the action to this Court.  (ECF No. 1.)  On August 31, 2021, Plaintiffs filed a motion to remand (ECF No. 11) and Defendants filed a motion to strike Plaintiffs' Complaint (ECF No. 13).  On the same day, Plaintiffs filed the instant *ex parte* application to stay any law and motion pending the ruling on Plaintiffs' motion to remand.  (ECF No. 15.)  On September 1, 2021, Defendants filed an opposition.  (ECF No. 18.)

## II.   STANDARD OF LAW

A district court has the inherent power to stay its proceedings.  This power to stay is "incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Fed. Sav. & Loan Ins. Corp. v. Molinaro* (*Molinaro*), 889 F.2d 899, 902 (9th Cir. 1989) ("A court may decide to stay the civil case when required by the interests of justice."); *Little v. Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) ("The district court has wide discretion in controlling discovery.").

"In exercising this discretion, the Court considers possible damage to the non-moving party, the hardship or inequity on the moving party if it is required to go forward, and the orderly course of justice."  *Travelers Prop. Cas. Co. of Am. v. Seirus Innovative Accessories, Inc.* (*Travelers*), No. 19cv829-LAB (MDD), 2020 WL 8922918, at *2 (E.D. Cal. Mar. 9, 2020) (citing *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962); *Landis*, 299 U.S. at 254–55; *see also Zurich Am. Ins. Co. v. Omnicell, Inc.*, No. 18-CV-05345-LHK, 2019 WL 570760, at *3 (N.D.

2

Cal. Feb. 12, 2019).  "Where it is proposed that a pending proceeding be stayed, the competing interest which will be affected by the granting or refusal to grant a stay must be weighed." *Travelers*, 2020 WL 8922918, at *2 (citing *CMAX*, 300 F.2d at 268).  "The moving party 'must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else.'" *Id.* (citing *CMAX*, 300 F.2d at 268; *Landis*, 299 U.S. at 255).

### III.   ANALYSIS

In requesting a stay on all further law and motion pending the ruling on their motion to remand, Plaintiffs maintain the short briefing schedule for Defendants' motion to strike is prejudicial to them — namely, the short time frame within which they must submit their opposition.  (ECF No. 15 at 2.)  Specifically, Plaintiffs argue: (1) Defendants' motion to strike (ECF No. 13) is procedurally defective because it is a consolidation of numerous anti-SLAPP motions therefore requiring more than a single motion; (2) staying the motion to strike will save judicial resources because it is likely the Court will grant the motion to remand; and (3) Plaintiffs' counsel is a solo practitioner with no support staff who will experience serious hardship if the motion to strike is heard in the near future.  (*See* ECF No. 15.)

In opposition, Defendants assert: (1) filing the anti-SLAPP motion in federal court gives Plaintiffs' counsel more time to file an opposition than he would have had in state court; (2) Defendants gave Plaintiffs more than 28 days' notice of the motion to strike and California law provides that such a motion be scheduled not more than 30 days after the service of the motion; and (3) Plaintiffs have the initial burden of proof to demonstrate a probability of prevailing on the claim under the framework of the anti-SLAPP statute.[1]  (*See* ECF No. 18.)

Plaintiffs have termed Defendants' motion an "anti-SLAPP motion."  (*See* ECF No. 15.) "California's anti-SLAPP statute allows a defendant to move to strike a plaintiff's complaint if it

---

[1]     Defendants also assert Plaintiffs' motion to remand is incorrect that the malicious prosecution claim "only tangentially involves issues of patent and copyright law" (*see* ECF No. 15 at 3), as their Complaint alleges one of them "is the owner of [P]atent [N]o. US 8394766, which is a treatment for diabetics using the pulsing of insulin over a period of time."  (ECF No. 18 at 6.)  The Court does not address this argument in the instant Order.

1  'aris[es] from any act of that person in furtherance of the person's right of petition or free speech

2  under the United States or California Constitution in connection with a public issue.'" *Vess v.*

3  *Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1109 (9th Cir. 2003) (quoting Cal. Civ. Proc. Code §

4  425.16(b)(1)).  Anti-SLAPP motions can be raised in federal court to target state law claims.  *U.S.*

5  *ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 973 (9th Cir. 1999).

6  Specifically, California Civil Procedure Code § 425.16(f) provides that the special motion to

7  strike "may be filed within 60 days of the service of the complaint or, in the court's discretion, at

8  any later time upon terms it deems proper.  The motion shall be scheduled by the clerk of the

9  court for a hearing not more than 30 days after service of the motion unless the docket conditions

10  of the court require a later hearing."  The Ninth Circuit has held the provision of § 425.16(f) that

11  requires the anti-SLAPP motion to be filed within 60 days of the filing of the complaint, or at the

12  court's discretion, at any later date, cannot apply in federal court because it "directly collide[s]"

13  with the Federal Rules of Civil Procedure.  *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 846

14  (9th Cir. 2001); *see also Planned Parenthood of Am., Inc. v. Ctr. for Medical Progress*, 890 F.3d

15  828, 833 (9th Cir. 2018).  The Ninth Circuit has not addressed the 30-day provision of §

16  425.16(f).

17      Here, Defendants have not adequately persuaded the Court the 30-day provision of §

18  425.16(f) should apply.  However, even if § 425.16(f) were to apply, the provision allows the

19  Court to hold a hearing on the anti-SLAPP motion more than 30 days after service of the motion

20  if "the docket conditions of the court require a later hearing."  Chief Judge Kimberly J. Mueller

21  testified before the House Judiciary Committee earlier this year on the need for new federal court

22  judgeships and noted the Eastern District of California's average caseload per judgeship is 1,224,

23  compared to a national average of 734.  *Hearing on The Need for New Lower Court Judgeships,*

24  *30 Years in the Making*, 117th Cong. 2–3 (2021) (statement of Kimberly J. Mueller, Chief Judge,

25  U.S. District Court, Eastern District of California), available at

26  http://www.caed.uscourts.gov/caednew/assets/File/Chief%20Judge%20Kimberly%20J_%20Muel

27  ler's%20Written%20Statement_2_21.pdf (last accessed Sept. 7, 2021).  Chief Judge Mueller also

28  remarked the Eastern District has qualified for judicial emergency status for at least 20 years,

4

1    showing the need for more judgeships.  *Id.*  In short, the docket conditions of this Court are such

2    that a stay on all further law and motion is in the interest of judicial economy.  Additionally, the

3    Court finds possible damage to Defendants to be minimal and sees no reason not to believe

4    Plaintiffs' counsel that he will face serious hardship if the motion to strike is heard in the near

5    future.  *Travelers*, 2020 WL  8922918, at *2.

6            Accordingly, Plaintiffs' *ex parte* application to stay any law and motion pending the

7    ruling on Plaintiffs' motion to remand is GRANTED.  (ECF No. 15.)  The Court will issue an

8    order on Plaintiffs' motion to remand soon after the motion is fully briefed.

9        **IV.    CONCLUSION**

10           Based on the foregoing, Plaintiffs' *Ex Parte* Application to Stay is GRANTED.  (ECF No.

11   15.)

12           IT IS SO ORDERED.

13   Dated:  September 7, 2021

14

15

16                                    _____
                                       Troy L. Nunley
17                                    United States District Judge

18

19

20

21

22

23

24

25

26

27

28