UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELANIE J. KUNZ; MEDEDCO, LCC; CHUI FAISING; TIMOTHY TIGHT; MICHAEL MCCARTHY; GLENN WILSON; JOHN MULLEN; and RICHARD GIRARD, | No. 2:21-cv-01502-TLN-CKD |
| Plaintiffs, | **ORDER** |
| v. | |
| THOMAS T. AOKI; AOKI DIABETES RESEARCH INSTITUTE; JOANNA R. MENDOZA; SCOTT MICHAEL PLAMONDON; DUYEN NGUYEN; FRANK F. SOMMERS; and SOMMERS & SCHWARTZ, LLP, | |
| Defendants. | |

This matter is before the Court on Plaintiffs Melanie J. Kunz, MedEdCo, LLC, Chui Faising, Timothy Tight, Michael McCarthy ("McCarthy"), Glenn Wilson, John Mullen, and Richard Girard's (collectively, "Plaintiffs") Motion to Remand.  (ECF No. 11.)  Defendants Thomas T. Aoki ("Aoki"), Aoki Diabetes Research Institute ("ADRI"), Joanna R. Mendoza, Scott Michael Plamondon, Duyen Nguyen, Frank F. Sommers, and Sommers & Schwartz, LLP's (collectively, "Defendants") filed an opposition.  (ECF No. 21.)  Plaintiffs filed a reply.  (ECF No. 22.)  For the reasons set forth below, the Court hereby GRANTS Plaintiffs' motion.  (ECF No. 11.)

1

## I.    FACTUAL AND PROCEDURAL BACKGROUND

On July 13, 2021, Plaintiffs filed the instant action in Sacramento County Superior Court alleging a claim for malicious prosecution.  (*See* ECF No. 1-1.)  Aoki and ADRI filed a complaint against Plaintiffs in October 2011 in a previous case — asserting claims for patent infringement, copyright infringement, false advertising, trade secret misappropriation, and unfair competition — which "made numerous unequivocal statements of wrongdoing" against Plaintiffs.  (*Id.* at 7.)  Plaintiffs allege "Defendants made the statements, and failed to correct the statements, when Defendants knew or should have known the statements were false" and "that Defendants did not conduct a reasonable investigation into the alleged wrongdoings" prior to filing that complaint.  (*Id.* at 8.)

On August 20, 2021, Defendants removed the action to this Court.  (ECF No. 1.)  On August 31, 2021, Plaintiffs filed a motion to remand.  (ECF No. 11.)  On September 7, 2021, the Court granted Plaintiffs' *ex parte* application to stay any law and motion pending the ruling on the instant motion.  (ECF No. 19.)

## II.    STANDARD OF LAW

Any civil action which "the district courts of the United States have original jurisdiction" may be removed from state court to federal court.  28 U.S.C. § 1441(a).  Removal is authorized "only where original federal jurisdiction exists."  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987).  District courts have original federal jurisdiction over suits with diversity of citizenship or with claims that arise under federal law.  *Id.* at 392–93; *see also Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808–09 (1986).

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar Inc.*, 482 U.S. at 392 (citing *Gully v. First Nat'l Bank*, 299 U.S. 102, 112–13 (1936)).  Removal cannot be based on a defense or counterclaim raising a federal question, whether filed in state court or federal court.  *See Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009); *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042–43 (9th Cir. 2009).  "The . . . plaintiff [is] the master of the claim; he or she may

1    avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc.*, 482 U.S. at 392.

2        A plaintiff may move to remand, challenging the defendant's removal of an action to

3    federal court.  28 U.S.C. § 1447.  Courts "strictly construe the removal statute against

4    removal jurisdiction," and "the defendant always has the burden of establishing that removal is

5    proper.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam).  Furthermore, "[i]f

6    the district court at any time determines that it lacks jurisdiction over the removed action, it must

7    remedy the improvident grant of removal by remanding the action to state court."  *California ex*

8    *rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838, *as amended*, 387 F.3d 966 (9th Cir. 2004), *cert.*

9    *denied*, 544 U.S. 974 (2005).

10        **III.    ANALYSIS**

11        "A district court's federal-question jurisdiction . . . extends over only those cases in which

12    a well-pleaded complaint establishes either that federal law creates the cause of action or that the

13    plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law

14    . . . in that federal law is a necessary element of one of the well-pleaded . . . claims."

15    *Christianson v. Cold Ind. Operating Corp.*, 486 U.S. 800, 808 (1988) (internal quotations and

16    citations removed).  The latter-type claims "capture[] the commonsense notion that a federal court

17    ought to be able to hear claims recognized under state law that nonetheless turn on substantial

18    questions of federal law, and thus justify resort to the experience, solicitude, and hope of

19    uniformity that a federal forum offers on federal issues."  *Grable & Sons Metal Products, Inc. v.*

20    *Darue Eng'g & Mfg.* (*Grable*), 545 U.S. 308, 312 (2005).  The Supreme Court clarified that this

21    "slim category" will provide federal jurisdiction over a state law claim if the federal issue is: "(1)

22    necessarily raised[;] (2) actually disputed[;] (3) substantial[;] and (4) capable of resolution in

23    federal court without disrupting the federal-state balance approved by Congress."  *Gunn v.*

24    *Minton*, 568 U.S. 251, 258 (2013) (citing *Grable*, 545 U.S. at 314).  Because the Court finds the

25    third element is not met, it will address that element and decline to evaluate the rest.

26        Defendants removed the instant action based on federal question jurisdiction, arguing

27    Plaintiffs' Complaint "requires resolution of substantial questions of federal law, including patent

28    infringement under 35 U.S.C. § 271 and copyright infringement under 17 U.S.C. § 101."  (ECF

No. 1 at 3.)  Defendants specifically noted "the Ninth Circuit has recognized that malicious prosecution claims requiring resolution of underlying patent infringement claims are properly the jurisdiction of the federal courts."  (*Id.* (citing *Fisher Tool Co., Inc. v. Gillet Outillage*, 530 F.3d 1063, 1068 (9th Cir. 2008)[1].)

In moving to remand, Plaintiffs argue the case involves a single malicious prosecution claim arising under state law "and the federal issues that may arise . . . are incidental to the [s]tate law claim."  (ECF No. 11 at 2.)  Plaintiffs further argue the Court does not need to make a finding with respect to the validity of the patents, nor does it need to decide the question of infringement liability as evaluating a malicious prosecution claim does not require such a decision.  (*Id.*)  In the alternative, Plaintiffs note that even if such a decision were required, the state court can "do so as long as the crux of the action did not arise from patent law."  (*Id.* at 2–3.)

In opposition, Defendants urge the Court to follow the three-part test articulated in *Gunn* and *Grable* to determine whether a plaintiff's claim for relief "necessarily depends on a resolution of a substantial question of federal law," thereby creating federal jurisdiction.  (ECF No. 21 at 3–4.)  Applying these factors, Defendants contend this action "arises under" federal law within the meaning of 28 U.S.C. § 1331 because (1) "Plaintiffs' malicious prosecution claim necessarily raises a federal issue that is actually disputed," (2) "the federal interest in these issues is substantial and central to this case," and (3) the Court's exercise of jurisdiction would not disturb the federal and state balance "but would in fact reinforce the exclusive jurisdiction over patents and copyrights vested in federal courts."  (*Id.* at 4.)  Defendants maintain part of the analysis of this claim will rest on "the proper quantum of evidence for counsel to claim that they reasonably believed that they could proceed to trial in good faith" and therefore the case should be heard in federal court.  (*Id.* at 6–7.)  Defendants finally contend Plaintiffs' cited cases are inapposite and the Court's extension of jurisdiction in this case would favor consistency of results and judicial economy.  (*Id.* at 8.)

---

[1]    The Court notes that *Fisher* does not specifically address the issue of federal question jurisdiction with respect to a malicious prosecution claim and is therefore inapposite to the instant case.

4

In reply, Plaintiffs argue Defendants fail to offer a substantive analysis of the three-part test in *Grable* and *Gunn* and do not clarify what federal issues still need to be litigated.  (ECF No. 22 at 2.)  Plaintiffs also assert Defendants do not show how keeping the instant action in state court will "upset[] the approved balance and roles of federal and state courts."  (*Id.* at 3.)

The Court finds *Gunn* — which provides a framework in evaluating the third element — relevant and persuasive to the instant case.  *Gunn* provides that it will always be true that a federal issue is significant to the particular parties in the immediate suit when the state claim "necessarily raises" a disputed federal issue.  568 U.S. at 260.  However, the crux of the substantiality inquiry is about "the importance of the issue to the federal system as a whole."  *Id.*  In *Gunn*, the Supreme Court found the plaintiff's legal malpractice claim did not contain a substantial federal law issue because such a backward-looking claim (a "case within a case") that asks whether the outcome would have been different had plaintiff's lawyers used a specific argument would not "change the real-word result of the prior federal patent litigation."[2]  *Id.* at 261.  Nor would it "undermine 'the development of a uniform body of [patent] law.'"  *Id.* (citing *Bonito Boats, Inc. v. Thunder Craft Boats, Inc.*, 489 U.S. 141, 162 (1989)).  The Supreme Court also noted that if novel questions of patent law *were* to arise in a state court "case within a case," they will eventually be decided by a federal court in a patent suit and reviewed by the Federal Circuit.  *Id.* at 262.  The Supreme Court concluded by rejecting the suggestion that the federal courts' greater familiarity with patent law means legal malpractice cases are better heard in federal court.  *Id.* at 263.  Additionally, "the possibility that a state court will incorrectly resolve a state law claim is not, by itself, enough to trigger the federal courts' exclusive patent jurisdiction, even if the potential error finds its root in

---

[2]      Conversely, the Supreme Court found in *Gunn* that other cases meet the "substantiality" requirement.  *Id.* at 260–61 (citing *Grable*, 545 U.S. at 310–11 (finding plaintiff's state law quiet title action arose under federal law because the Government had a "strong interest" in its ability to recover delinquent taxes through seizure and sale of property, which "require[d] clear terms of notice to allow buyers . . . to satisfy themselves that the [Internal Revenue] Service has touched the bases necessary for good title"); *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 198, 201 (1921) (finding plaintiff's argument that defendant bank could not purchase Government bonds because the Government acted unconstitutionally in issuing them arose under federal law because the "decision depend[ed] upon the determination" of "the constitutional validity of an act of Congress which [was] directly drawn in question")).

1   a misunderstanding of patent law." *Id.*

2        Here, Defendants contend the federal interest is substantial because the Court in the

3   underlying case determined conduct by Gilbert and his companies infringed on Aoki's "patent,

4   copyright, and engaged in acts of false and misleading advertising and unfair business practices

5   under the federal Lanham Act." (ECF No. 21 at 4.) Defendants also note that "central to the

6   issue will be the Court's previously issued Permanent Injunction Order . . . and the Court will be

7   required to determine if these conspirators/enablers who now sue for malicious prosecution are

8   covered by that Order, despite not being directly named therein." (*Id.*)

9        The Court disagrees with Defendants and instead finds Plaintiffs' arguments persuasive.

10  Plaintiffs argue they "are not asking for rights under federal statutes, [and] a state court hearing

11  the matter will not upset the uniformity federal courts have over deciding the rights of litigants

12  under patent and copyright laws." (ECF No. 22 at 4.) Similar to *Gunn*, Plaintiffs note "the crux

13  of this case pertains to the conduct of the parties and attorneys in the prior action" and Plaintiffs'

14  malicious prosecution claim is "backward-looking" like the legal malpractice claim. (*Id.*)

15  Plaintiffs also assert that, like the parties in *Gunn*, the parties' rights have already been

16  determined in the prior action and no finding in this suit will give Plaintiffs rights under federal

17  law.[3] (*Id.*)

18  ///

19

20      [3]    The Court also notes that the "probable cause" element the parties dispute is not substantial to the resolution of this case. A claim of malicious prosecution of a patent

21  infringement action requires a plaintiff to demonstrate: "(1) the prior patent infringement action was initiated without probable cause; (2) the prior action was terminated in its favor; and (3) the

22  prior action was brought with malice." *Hydranautics v. FilmTec Corp.*, 204 F.3d 880, 886 (9th Cir. 2000). Probable cause is evaluated under an objective standard and is "conclusively

23  established where the defendant in the underlying action has achieved a favorable result at the trial court, even though the trial court decision is later reversed on appeal." *Id.* An exception to

24  this presumption is when "the defendant procured its favorable judgment in the underlying action by the knowing use of false and perjured testimony." *Id.* Here, the parties dispute whether the

25  "probable cause" element requires a finding on the question of infringement liability and do not discuss the other elements. (*See* ECF No. 11 at 2; ECF No. 21 at 4; ECF No. 22.) Based on the

26  elements of the claim, the Court finds it does not need to decide the question of infringement liability. Accordingly, evaluation of probable cause will not change the result of the prior federal

27  patent litigation nor will not undermine "the development of a uniform body of [patent] law." *See*

28  *Gunn*, 568 U.S. at 262.

Defendants have failed to meet their burden to demonstrate that the federal interest in patent and copyright law is substantial to the resolution of Plaintiffs' malicious prosecution claim. *See Gunn*, 568 U.S. at 262; *see also Gaus*, 980 F.2d at 566.  As the removal statute is strictly construed against removal jurisdiction, the Court therefore GRANTS Plaintiffs' motion.

**IV.     CONCLUSION**

Based on the foregoing, Plaintiffs' Motion to Remand is GRANTED.  (ECF No. 11.)  The case is remanded to Sacramento County Superior Court and the Clerk of the Court is directed to close the case.

IT IS SO ORDERED.

Dated:  October 18, 2021

Troy L. Nunley
United States District Judge

7